UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DEONTAE WILLIAMS,

    Plaintiff,

v.                                          Case No. 3:22cv1624-LC-HTC

RICKY D. DIXON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Deontae Williams, a prisoner proceeding *pro se*, initiated this action by filing a civil rights complaint purporting to assert claims under 42 U.S.C. § 1983. ECF Doc. 1. Plaintiff's complaint was not accompanied by a motion to proceed *in forma pauperis* or the Court's filing fee. The matter was referred to the undersigned for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). For the reasons that follow, the undersigned respectfully recommends this case be dismissed without prejudice as malicious for Plaintiff's failure to prosecute, failure to comply with Court orders, and failure to truthfully disclose his litigation history.

I.  **FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDERS**

On February 14, 2022, the Court entered an order instructing Plaintiff to, within twenty-one (21) days, file a motion to proceed *in forma pauperis* or pay the $402.00 filing fee. ECF Doc. 3. Plaintiff was advised his failure to comply with the order may result in a recommendation that this case be dismissed for failure to prosecute and failure to comply with an order of the Court. *Id.* Nonetheless, Plaintiff did not comply with that order. Thus, on March 14, 2022, the Court gave Plaintiff fourteen (14) days to show cause why his case should not be dismissed for failure to prosecute or comply with Court orders. ECF Doc. 4. The time for Plaintiff to respond to the Court's show cause order has also passed without a response from Plaintiff.

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Also, Plaintiff has not filed anything with the Court since initiating this action over two months ago. Thus, dismissal is also appropriate for failure to prosecute.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a Plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

## II. PLAINTIFF'S FAILURE TO DISCLOSE HIS LITIGATION HISTORY

This matter is also subject to dismissal based on Plaintiff's failure to truthfully disclose his entire litigation history. Notably, this is not Plaintiff's first lawsuit in this Court. Thus, as a former litigant, who has previously used this Court's forms, Plaintiff is aware that he must disclose his *full and complete* litigation history. Plaintiff is also aware that anything less than full disclosure will result in dismissal of this action. Despite that knowledge and despite signing his complaint under penalty of perjury, Plaintiff made false representations on the complaint form.

Section IV, titled "Prior Litigation," asks Plaintiff to identify (A) whether he has had a case dismissed as a strike, (B) whether he has filed other lawsuits in state or federal court dealing with the same facts and issues, and (C) whether he has filed

any other federal lawsuit either challenging his conviction or otherwise related to the conditions of his confinement. ECF Doc. 9-11. Plaintiff, however, did not check either the "Yes" or "No" box listed next to each question. Rather, under subsection B, Plaintiff simply identified one previous federal case dealing with the same facts and issues, 3:21cv1838-LC-EMT. Plaintiff left the remaining sections blank, indicating he had not or filed any other federal lawsuit challenging his conviction or otherwise related to the conditions of his confinement. That representation was not truthful.

In addition to the above case, Plaintiff also filed a case in this Court just one (1) month before he filed this action, *Williams v. Ford*, 3:22cv279-TKW-EMT. The complaint in that case bears Plaintiff's same name and inmate number R43045, and the signature in that case is identical to the signature in this case. In that case, Plaintiff complained of not receiving documents from prison officials – thus it dealt with the manner of his incarceration and should have been identified in response to Section IV.C. The complaint form expressly warned Plaintiff that "***[f]ailure to disclose all prior cases may result in dismissal of this action***." ECF Doc. 1 at 11.

The Court has the authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or

Case No. 3:22cv1624-LC-HTC

responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice. *See Bratton v. Secretary, DOC*, 2012 WL 2913171 (M.D. Fla. Jul. 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case). As one district judge from this District recently stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, Case No. 4:19cv191-RH-HTC, at ECF Doc. 52.

The Court also notes that both cases, 3:21-cv-138-LC/EMT, and 3:22cv279, were subsequently dismissed for failure to state a claim. Although those cases did not have to be disclosed in response to Section IV.A., because they were not dismissed until *after* Plaintiff filed this suit, the dismissal of this action will now constitute Plaintiff's third strike under 28 U.SC. § 1915(g).

Accordingly, it is respectfully RECOMMENDED, that:

1.  This case be DISMISSED WITHOUT PREJUDICE as malicious for Plaintiff's failure to prosecute, Plaintiff's failure to comply with Court orders, and Plaintiff's abuse of the judicial process.

2.  The clerk be directed to close the file.

Done in Pensacola, Florida, this 11th day of April, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed **within fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.